### Jim Easter v. The State.

No. 2637.   Decided October 15, 1913.

**Abusive Language—Language Used—Sufficiency of Evidence.**

"If you say that I did not pay your brother for the feed he let me have, you are a liar" makes out a case under our law of using abusive language calculated to bring about a breach of the peace. Following Johnson v. State, 66 S. W. Rep., 1097.

Appeal from the County Court of Stonewall.   Tried below before the Hon. W. J. Arrington.

Appeal from a conviction of using abusive language calculated to bring about a breach of the peace; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of using abusive language calculated to bring about a breach of the peace.

The party to whom the language was used was Luther Pittcock. The witness Shipman testified that some time in the fall, Easter and himself were in a field in the eastern part of Stonewall County, and Pittcock made his appearance; that they went from the field up near a house, when Pittcock said to defendant, "I come down here after my money (the money defendant owed Pittcock)." Defendant said, "I haven't got the money now, but as soon as I can get it I will pay you." Pittcock said, "I come down here to tell you how low down trifling you were; where is that bale of cotton?" Defendant said, "It is over at the gin, and when I get the money I will pay you." Pittcock said, "You will not do any such thing, you did not pay my brother for the feed he let you have." Defendant said, "I did pay your brother for the feed." Pittcock said, "You didn't do any such thing." Defendant said, "If you say that I did not pay your brother for the feed you are a liar." Pittcock said, "Take that back," and then picked up a board or piece of plank and stood and held it for some little bit, threw it down and turned and walked toward his horse like he was going home, and after

he had gotten some distance from where Jim Easter and I were standing he turned and walked back to where we were, picked up the board or plank, and rushed on the defendant, and struck him on the shoulder, breaking defendant's shoulder and collarbone.  Defendant's arm dropped to his side.  Defendant run from Pittcock, but Pittcock pursued him and struck him, defendant, over the head with the board or plank. On cross-examination this witness said that neither Pittcock nor defendant cursed any, and what he had stated was about all that was said by either of the parties.  "Neither of them seemed to be mad until Pittcock rushed on defendant with the board or plank.  They did not talk loud but in an ordinary tone of voice.  All the defendant said to Luther Pittcock was, 'If you say that I did not pay your brother for the feed he let me have, you are a liar.'  Pittcock is still living down there where he was last fall.  He is not here as a witness in this case." This is the State's case.

The contention of appellant is that the language used, that is, "If you say that I did not pay your brother for the feed he let me have, you are a liar," does not make out a case under our law of using abusive language, and he should have been acquitted.  This matter is presented not only as to the sufficiency of the evidence but the refusal of the court to charge the jury to acquit under the particular state of facts.  This case would seem to come within the rule laid down in Johnson v. State, 66 S. W. Rep., 1097.  Under the rule laid down in that case it seems the judgment will have to be affirmed.  Under the authority of Watkins v. State, 44 S. W. Rep., 507, and Christmas v. State, 44 S. W. Rep., 175, abusive language towards the defendant will not justify him in using abusive language, but such language could be considered in mitigation of the penalty in case defendant should be found guilty.  So it would seem under these authorities this jujdgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*